## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **JAMIR GIBBS,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case No. RWT 15-cv-1012 |
| | * | |
| **COUNTY OF DELAWARE,** | * | |
| | * | |
| Defendant. | * | |
| | * | |

## MEMORANDUM OPINION

On April 9, 2015, Plaintiff Jamir Gibbs filed a suit pursuant to 28 U.S.C. § 1332 against Defendant County of Delaware, Pennsylvania claiming that Defendant negligently operated a motor vehicle causing Plaintiff to suffer neck and back injuries, and seeking medical expenses, lost wages, out-of-pocket expenses, and pain and suffering damages in the amount of $84,000. ECF No. 1.   On April 23, 2015, Defendant filed a motion to dismiss for lack of personal jurisdiction and improper venue, or in the alternative to transfer the case to the U.S. District Court for the Eastern District of Pennsylvania.  ECF No. 6.  After Plaintiff's attorney failed to renew his membership in this Court's bar, ECF Nos. 7, 8, Plaintiff filed a *pro se* response to the motion to dismiss indicating that he opposed dismissal but consented to transfer or "merger" with an earlier case filed in Pennsylvania state court, ECF No. 12.

## BACKGROUND

Plaintiff is a Maryland resident, who on May 3, 2012, was riding in a vehicle operated by an employee of the Defendant in order to perform community service work in connection with prior criminal charges.  ECF Nos. 1, 6.  While driving in Pennsylvania, the vehicle collided with

the rear of another vehicle. *Id.* Plaintiff filed this diversity action on April 9, 2015, seeking damages for injuries sustained in the accident. *Id.*

Defendant is a political subdivision of the Commonwealth of Pennsylvania, ECF No. 6-3, which represents that it has no contacts with the State of Maryland, conducts no business or transactions within the State of Maryland, and has no employees within the State of Maryland. ECF No. 6-1 at 3-4.

The same vehicle incident which gave rise to the current case was also the subject of earlier litigation that did not include Gibbs. *See McGoldrick v. Christ*, No. 14-3979 (Pa. Com. Pl. Jan. 26, 2015). That case resulted in an entry of judgment for the Defendants, including the County of Delaware, after the Plaintiffs failed to appear for a scheduled arbitration hearing. ECF No. 6-3 at 3.

## DISCUSSION

Defendant argues that (1) this Court lacks personal jurisdiction over Defendant, and (2) venue is improper. ECF No. 6. Accordingly, Defendant seeks to have the case dismissed, or transferred in the alternative. *Id.* Plaintiff contests dismissal but did not provide any support for his conclusion that this Court does have jurisdiction. ECF No. 12. Plaintiff does not contest the transfer of this case. *Id.*

## I.    Plaintiff fails to make a prima facie showing to demonstrate the Court's personal jurisdiction over Defendant County of Delaware.

Plaintiff's claims against Defendant cannot be heard because the Court does not have personal jurisdiction over Defendant. "When personal jurisdiction is properly challenged under Rule 12(b)(2), the jurisdictional question is to be resolved by the judge, with the burden on the plaintiff ultimately to prove grounds for jurisdiction by a preponderance of the evidence."

*Carefirst of Maryland, Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003). In a case where the court is deciding a pretrial personal jurisdiction motion without first conducting an evidentiary hearing, "the plaintiff need only make a prima facie showing of personal jurisdiction." *Id.* In determining whether a plaintiff has met his burden, the court does not look solely to the evidence produced by the plaintiff, but rather it "must consider 'all relevant pleading allegations in the light most favorable to the plaintiff,' and draw reasonable inferences therefrom." *Allcarrier Worldwide Servs., Inc. v. United Network Equipment Dealer Ass'n*, 812 F. Supp. 2d 676, 680 (D. Md. 2011) (citing *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 62 (4th Cir. 1993)).

This Court may exercise personal jurisdiction where a plaintiff shows "that two conditions are satisfied: (1) jurisdiction must be authorized under Maryland's long-arm statute, Md. Code Ann., Cts. & Jud. Proc., § 6–103, and (2) jurisdiction must be consistent with constitutional due process requirements." *Id.* at 680; *see also Carefirst,* 344 F.3d at 396. Maryland's long-arm personal jurisdiction statute has been interpreted to extend to the limits of due process under the Fourteenth Amendment, therefore the statutory and constitutional inquiries merge. *Carefirst*, 334 F.3d at 396 (citing *Mohamed v. Michael*, 370 A.2d 551, 553 (Md. 1977)). Additionally, a plaintiff is required to identify a specific provision within the Maryland long-arm statute which authorizes personal jurisdiction. *See Johansson Corp. v. Bowness Const. Co.*, 304 F. Supp. 2d 701, 704 (D. Md. 2004).[1]  To satisfy the requirements of specific jurisdiction

---

[1] Maryland's long-arm statute enumerates six circumstances whereby a court may exercise personal jurisdiction over a defendant.  It states that a court may exercise personal jurisdiction over a person who, directly or by an agent:

    (1) Transacts any business or performs any character of work or service in the State;
    (2) Contracts to supply goods, food, services, or manufactured products in the State;
    (3) Causes tortious injury in the State by an act or omission in the State;
    (4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if he regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from goods, food, services, or manufactured products used or consumed in the State;

under due process, a defendant must have "minimum contacts" with the forum state, indicating that he has purposely availed himself of the privilege of conducting activities in the state. *Ellicot Mach. Corp., Inc. v. John Holland Party Ltd.*, 995 F.2d 474, 477 (4th Cir. 1993).   In their evaluation courts consider "(1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiffs' claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" *Carefirst*, 334 F.3d at 397.

Other than making a conclusory statement that "this court has jurisdiction," Plaintiff does not dispute Defendant's assertion that it has no contacts with Maryland, nor does he provide evidence that would indicate any such contacts.  ECF No. 12.  Neither Plaintiff's complaint nor his opposition to the motion to dismiss indicate which provision listed in Maryland's long-arm statute would provide the basis for this Court's personal jurisdiction over the Defendant, and none of the provisions appear to apply. *See* ECF Nos. 1, 12; discussion *supra* note 1.  Defendant has no offices or employees in Maryland and transacts no business in this state.  ECF No. 6 at 3. Plaintiff has not met his burden of a prima facie showing of jurisdiction.  Accordingly, this Court does not have personal jurisdiction over the Defendant.

## II.   Venue is improper in the District of Maryland.

Under 28 U.S.C. § 1391(b), venue is proper in:

>    (1) a judicial district in which any defendant resides….

>    (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred….

---

(5) Has an interest in, uses, or possesses real property in the State; or
(6) Contracts to insure or act as surety for, or on, any person, property, risk, contract, obligation, or agreement located, executed, or to be performed within the State at the time the contract is made, unless the parties otherwise provide in writing.

Md. Code Ann., Cts. & Jud. Proc., § 6-103.

> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Here, it is clear that venue is improper because the District of Maryland does not satisfy any of the above criteria. Defendant, a political subdivision of the Commonwealth of Pennsylvania, is not a resident of this District; the events took place outside of this District in the Commonwealth of Pennsylvania; and Defendant is not subject to personal jurisdiction in this District. Where venue is improper, a case may either be dismissed, or transferred to an appropriate forum. *See Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1201 (4th Cir. 1993).

## III.   The motion to dismiss should be granted because the claim is barred by the Pennsylvania statute of limitations and because it was reasonably foreseeable that this Court was an inappropriate forum.

Where a district court does not have personal jurisdiction, and where venue is improper, 28 U.S.C. § 1406(a), rather than §1404, is the proper provision to seek a transfer. *Nichols*, F.2d at 1201. Section 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The purpose of granting transfer under §1406(a) is to "avoid injustice when a transfer movant made 'an erroneous guess with regard to the existence of some elusive fact,' and filed the claim in a district court that lacked jurisdiction. *Barbour v. Gorman*, No. 13-CV-01290-AW, 2013 WL 4052684, at *2 (D. Md. Aug. 9, 2013) (quoting *Nichols*, 991 F.2d at 1201). Otherwise, a motion to transfer may be denied if the filing attorney could have reasonably foreseen that the filing forum was inappropriate. *Id.*[2]

---

[2] The *Nichols* court explained the policy reasons for dismissing rather than transferring. "[T]he interest of justice is not served by allowing a plaintiff whose attorney committed an obvious error in filing the plaintiff's action in the wrong court, and thereby imposed substantial unnecessary costs on both the defendant and the judicial system,

Federal courts sitting in diversity apply the choice-of-law rules of the forum state. *Klaxon Co. v. Stentor Electric Mfg. Co., Inc.*, 313 U.S. 487, 496 (1941). Thus, if this case were transferred to federal district court in Pennsylvania under §1406, Pennsylvania choice of law rules would apply. Under Pennsylvania law, "courts ordinarily apply the statute of limitations of the forum state."[3] *McKenna v. Ortho Pharm. Corp.*, 622 F.2d 657, 659 (3d Cir. 1980). In this case, Plaintiff's claim would be barred by Pennsylvania's two-year statute of limitations. *See* 42 Pa. Cons. Stat. Ann. § 5524. Accordingly, a transfer under 28 U.S.C. §1406(a) would not be in the interest of justice because the transferee court would likely dismiss under the Pennsylvania statute of limitations. Judicial efficiency would be much better served by a dismissal in this Court.

Moreover, Plaintiff has not cited any "elusive" facts that caused him to make an "erroneous guess" in his selection of a forum in which to file. Even if this Court assumed *arguendo* that Defendant was subject to personal jurisdiction in this District, venue would still be improper under 28 U.S.C. § 1391. Thus, it would have been readily apparent to Plaintiff's attorney when this case was filed that this forum was not proper. Following *Nichols*, to promote judicial efficiency and the interest of justice, a motion to transfer may be denied if the filing attorney could have reasonably foreseen that the filing forum was inappropriate. 991 F.2d at 1200.

---

simply to transfer his/her action to the proper court, with no cost to him/herself or his/her attorney." *Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1201 (4th Cir. 1993).

[3] In a tort case, Pennsylvania follows the "most significant relationship test" of the Restatement (Second) of Conflict of Laws § 145. *Arcila v. Christopher Trucking*, 195 F. Supp. 2d 690, 695 (E.D. Pa. 2002).

**CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss [ECF No. 6] will be granted, Plaintiff's Complaint [ECF No. 1] will be dismissed, and the Clerk will be ordered to close the case.  A separate Order follows.

Date:  October 14, 2015

_____
/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE
